[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-10177

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

DEMETRIUS SLYDELL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:18-cr-80134-JIC-1

_____

Before GRANT, LUCK, and LAGOA, Circuit Judges.

PER CURIAM:

Demetrius Slydell appeals his 100-month sentence for conspiracy to possess with intent to distribute cocaine. He argues that the district court clearly erred in denying his request for a three-level reduction in his Sentencing Guidelines offense level based on his role in the offense, which he contends was minor. We disagree, and we therefore affirm.

## I.

Slydell pleaded guilty to conspiring to possess with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. According to a factual proffer that Slydell signed as part of his written plea agreement, law enforcement agents intercepted telephone calls between Slydell and Travell Jones, in which they discussed Jones selling a kilogram of cocaine to Slydell and talked about ways that Slydell might transport the cocaine to North Carolina.

After his arrest, Slydell admitted that Jones supplied him with cocaine that he later resold, but he claimed that the one-kilogram deal he discussed with Jones had never gone through. He said that he had obtained smaller amounts of powder cocaine from Jones on several occasions over the course of two years, adding up to a total of 38 ounces. He converted 11 ounces of the powder cocaine to crack cocaine and resold all 38 ounces.

Based on his admitted drug-trafficking conduct and the determination that Slydell qualified as a career offender under the Sentencing Guidelines, the district court initially calculated his Guidelines range to be 188 to 235 months in prison. Slydell requested and the government agreed to a downward variance to 144 months' imprisonment, and the district court sentenced him to 144 months in prison followed by four years of supervised release.

Slydell did not appeal, but he filed a timely postconviction motion to vacate his sentence on the ground that his defense attorney provided ineffective assistance at sentencing by failing to object to the career-offender designation. The district court granted the motion and set a new sentencing hearing after concluding that Slydell should not have been designated as a career offender and that Slydell was prejudiced by his trial counsel's failure to object to the designation. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).

At the resentencing hearing, the district court recalculated Slydell's Guidelines range without the career-offender designation. The court calculated his Guidelines offense level based on its finding that Slydell was responsible for distributing 27 ounces of powder cocaine and 11 ounces of crack cocaine. It also applied a three-level reduction for acceptance of responsibility. The court denied Slydell's request for an additional three-level mitigating-role reduction, however, because Slydell had failed to establish that he was substantially less culpable than others who were involved in the relevant conduct. The court determined an applicable Guidelines

range of 100–125 months' imprisonment and sentenced Slydell to 100 months in prison followed by four years of supervised release. Slydell now appeals.

## II.

On appeal, Slydell argues that the district court clearly erred in determining that he was not entitled to a mitigating-role reduction under § 3B1.2 of the Sentencing Guidelines.[1]  The mitigating-role guideline provides that a sentencing court may reduce a defendant's Guidelines offense level by two to four levels if it determines that he played a lesser role in the relevant criminal activity. U.S.S.G. § 3B1.2.  The court may apply a two-level reduction for a "minor participant," a four-level reduction for a "minimal participant," and a three-level reduction for a defendant whose participation falls in between.  *Id.*  A minor participant is someone "who is less culpable than most other participants in the criminal activity, but whose role could not be described as minimal," while minimal participants are "plainly among the least culpable of those involved in the conduct of a group." *Id.*, cmt. nn.4–5.

In determining whether a role reduction is appropriate, the district court should look to two guiding principles.  First, "the

---

[1] The district court's determination of the defendant's role in the offense is a factual finding that we review for clear error.  *United States v. Docampo*, 573 F.3d 1091, 1096 (11th Cir. 2009).  The defendant bears the burden of establishing his mitigating role in the offense by a preponderance of the evidence. *United States v. Cruickshank*, 837 F.3d 1182, 1192 (11th Cir. 2016).

district court must assess whether the defendant is a minor or minimal participant in relation to the relevant conduct attributed to the defendant in calculating her base offense level" under the Guidelines. *United States v. Rodriguez De Varon*, 175 F.3d 930, 941 (11th Cir. 1999) (en banc). Second, "the district court may also measure the defendant's culpability in comparison to that of other participants in the relevant conduct." *Id.* at 944. In conducting this comparative assessment, the focus remains on the conduct for which the defendant was held accountable at sentencing. *Id.* The "district court may consider only those participants who were involved in the relevant conduct attributed to the defendant," and only to the extent that such participants "are identifiable or discernable from the evidence." *Id.*

The mitigating-role guideline provides a nonexhaustive list of factors that the district court should consider in determining the defendant's role in the relevant conduct, including the extent of the defendant's (1) understanding of the scope and structure of the criminal activity; (2) participation in planning or organizing the activity; (3) decision-making authority or influence; (4) participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts; and (5) expected benefit from the criminal activity. U.S.S.G. § 3B1.2, cmt. n.3(C).

Slydell argues that the district court failed to consider any of these factors and instead based its determination solely on the fact

that he was held responsible only for the cocaine that he distributed himself.  The record does not support this argument.

Rather, the record shows that the district court heard Slydell's argument at sentencing, in which he contended that his role in the criminal conspiracy was minor because he "was not a manufacturer or major distributor of drugs in an organized drug trade," and he had no control or decision-making authority over other individuals who also bought cocaine from Jones or who sold cocaine and heroin to Jones.  After hearing this argument, the court pointed out that Slydell had only been held accountable for the cocaine that he personally received and concluded that Slydell had not met his burden of establishing his minor role in the relevant conduct by a preponderance of the evidence.

This determination was not clear error.  As we have explained, the conduct relevant to the mitigating-role determination is the conduct used to determine the defendant's base offense level under the Guidelines. *De Varon*, 175 F.3d at 941.  Slydell's offense level was based on his admitted conduct in buying and redistributing 38 grams of cocaine, including 11 grams that he converted to crack cocaine.  For purposes of assessing his role under § 3B1.2 of the Sentencing Guidelines, therefore, Slydell's relevant conduct was identical to his actual conduct.  And "where the relevant conduct attributed to a defendant is identical to her actual conduct, she cannot prove that she is entitled to a minor role adjustment simply by pointing to some broader criminal scheme in which she was a minor participant but for which she was not held accountable." *Id.*

As to the conduct for which Slydell was held accountable—buying 38 ounces of powder cocaine, converting 11 ounces to crack cocaine, and reselling the crack and the remaining 27 ounces of powder cocaine—he has not shown that he was a minor or minimal participant. The only other participant in that conduct who can be identified from the record is Jones, who merely sold the powder cocaine to Slydell. Slydell has not shown that Jones or anyone else played any role in converting some of the powder cocaine into crack cocaine or in reselling the cocaine he bought from Jones; to the contrary, the factual proffer that Slydell signed as part of his plea agreement indicates that he resold all 38 ounces of cocaine himself.

To the extent that Slydell complains that the district court's oral ruling does not reflect its consideration of the arguments he made, we reiterate that in this context, "a district court is not required to make any specific findings other than the ultimate determination of the defendant's role in the offense." *Id.* at 940. "So long as the district court's decision is supported by the record and the court clearly resolves any disputed factual issues, a simple statement of the district court's conclusion is sufficient." *Id.* at 939 (quotation marks and emphasis omitted).

## III.

We conclude that on the record before it, the district court did not clearly err in determining that Slydell's role in the relevant conduct was not minor or minimal and denying Slydell's request

for a three-level mitigating role reduction in his Guidelines offense level.  We therefore affirm Slydell's sentence.

**AFFIRMED.**